STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-568

LEROY OSGOOD,

      Plaintiff,

v.

C.U. YORK INSURANCE
COMPANY, k/n/a ONEBEACON
INSURANCE COMPANY,

      Defendant.

**DECISION AND ORDER
ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

## I. NATURE OF CASE

The plaintiff initiated this action when the defendant insurance company (OneBeacon) refused to pay him after a fire destroyed his mobile home on September 13, 2002. OneBeacon insured Osgood's home at the time, which refused to pay for the loss on the basis, that the plaintiff started the fire.

The plaintiff has seven remaining claims:[1] breach of contract (Count I); attorneys fees under the late payment statute, 24-A M.R.S.A. § 2436 (Count II); unfair trade practices (Count IV); defamation (Count V); intentional infliction of emotional distress (Count VI); unfair claims settlement practices (Count VIII); and punitive damages (Count IX).

The defendant has moved for summary judgment on all remaining counts except breach of contract.

The plaintiff objects and the defendant moves to strike plaintiff's opposing statements of material fact and additional statements.

---

[1] The court previously dismissed Count III (breach of implied covenant of good faith and fair dealing) and Count VII (negligent infliction of emotional distress).



Prior to oral arguments the court reviewed the motion, memoranda, statements of material facts and replies. The court finds them excessively long. Although most statements are not individually long, the sheer number is excessive and set out many facts that are not necessary or material to determination of the motion. After review the court determined that oral argument was not necessary on all but one issue; Count VI, intentional infliction of emotional distress. Similarly, oral argument was precluded on the Motion to Strike as the court determines that such a motion is unnecessary.

Defendant's Motion for Summary Judgment is accompanied by more than 150 statements of material fact (DSMF)[2], the plaintiff adds 97 more in his reply, many of which are neither genuine nor material issues of fact.

## II. DISCUSSION

### A. DEFENDANT'S MOTION TO STRIKE

The defendant interestingly argues that court should strike the opposing statement of material fact ("OSMF") because it is unnecessarily long, repetitive, convoluted and not separate, short or concise. It requests that the court disregard the plaintiff's denials of the DSMF that directly quote deposition testimony, contending that the deponent's testimony reveal the facts. The defendant also asks that the court disregard plaintiff's response that the record does not support.

The motion to strike the OSMF is unnecessary. When determining what facts are admitted, the court will deem admitted those facts not properly controverted. M.R.Civ.P. 56(h)(4). Defendant's motion presupposes that the court will not undertake this task. Because the court independently evaluates the DSMF and the OSMF for facts

---

[2] Although defendant acknowledges that the DSMF is lengthy, it asserts that it is necessary due to plaintiff's multi-count complaint with 87 paragraphs; however, almost 120 of the 155 statements concentrate on plaintiff's 6-paragraph defamation claim (Count V).

not properly controverted, this motion is unnecessary. Counsel need only to raise and/or emphasize the point in the reply memorandum.[3]

## B. MOTION FOR SUMMARY JUDGMENT

This court will grant a motion for summary judgment when no genuine issue of material facts exists and either party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R.Civ.P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When "determining whether to grant or deny a motion for a summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & Detroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938 (internal quotations omitted) (citations omitted). Finally, the court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

Further, summary judgment rules are very specific as to the process to be followed. In *Stanley v. Hancock County Commissioners*, 2004 ME 157, 864 A.2d 169, the Law Court held that it is not an abuse of discretion for the trial court to entirely

---

[3] When the defendant introduces its motion to strike the PASMF it states, "Defendant understands that motions to strike statements of material fact or responses to statements of material fact are not looked upon favorably by the court [because] they increase the amount of time involved in deciding a motion for summary judgment." In any event, regarding the motion to strike the PSMF, the defendant argues that the court should disregard 32 statements in the PASMF because they constitute plaintiff's counsel's interpretation of the testimony and the plaintiff does not support his additional statements with record citations. The court independently considers the PASMF and will disregard those facts not supported by record citation or are otherwise inappropriate.

disregard unnecessarily long statements of material fact and deny a motion when a party fails to comply with Rule 56's requirement that the statements be "separate, short and concise." Id. at ¶¶ 27-29, 864 A.2d 169, 178-179.

Upon review of the statements of material fact filed in this case, the parties ignore what really constitutes a genuine issue of material fact and provide several unnecessary facts. In at least one circumstance, counsel for plaintiff and defendant almost completely disregarded the real issues raised by the applicable law and either squabble over unimportant or immaterial fact. These types of statements of fact will not be considered. It frustrates a meaningful summary judgment process and needlessly taxes an already-strained judicial system.

## C. COUNT II, VIOLATION OF 24-A M.R.S.A. § 2436

Osgood alleges that OneBeacon violated the so-called late payment statute because it disputes and failed to timely pay Osgood's losses. DSMF ¶ 129. Osgood said the denial of his claim was untimely because the insurance company did not issue a denial letter until May 2, 2003, almost eight months after the claim was made.

The record demonstrates that the investigations of the cause and origin of the fire began on September 14, 2002. DSMF ¶¶ 130, 131, 132. On September 30, 2002, OneBeacon requested a proof of loss from the plaintiff. The plaintiff returned the proof of loss on October 2, 2002. DSMF ¶¶ 133, 134. Subsequently, OneBeacon requested that the plaintiff submit to an examination under oath to take place on October 31, 2002; the plaintiff, however, failed to appear for the examination. DSMF ¶¶ 135, 136. OneBeacon rescheduled the examination for November 20, 2002, at which only a partial examination took place because the plaintiff arrived without bringing documents that had been requested. DSMF ¶¶ 136, 137, 138. Counsel for OneBeacon later received the

4

plaintiff's signed releases for all the requested documentation on January 7, 2003. DSMF ¶ 143; *see also* DSMF ¶¶ 139, 141, 142.

Osgood's complete examination under oath took place in either early January or February 2003,[4] and on February 28, 2003, the transcript of the examination was sent to the plaintiff for his signature. DSMF ¶ 145. Osgood returned the signed transcript and errata sheet to the defendant's counsel on March 4, 2003. DSMF ¶ 146. OneBeacon sent its denial letter to the plaintiff on May 2, 2003. DSMF ¶ 147.[5]

24-A M.R.SA. § 2436(1) provides that:

> A claim for payment of benefits under a policy or certificate of insurance delivered or issued for delivery in this State is payable within 30 days after proof of loss is received by the insurer and ascertainment of the loss is made either by written agreement between the insurer and the insured or beneficiary or by filing with the insured or beneficiary of an award by arbitrators as provided for in the policy ... A claim that is neither disputed nor paid within 30 days is overdue. If, during the 30 days, the insurer, in writing, notifies the insured or beneficiary that reasonable additional information is required, the undisputed claim is not overdue until 30 days following *receipt* by the insurer of the additional required information; except that the time period applicable to a standard fire policy and to that portion of a policy providing a combination of coverages, as described in section 3003, insuring against the peril of fire must be 60 days, as provided in section 3002.

24-A M.R.S.A. § 2436(1)(2005) (emphasis added). A fire insurer, however, "has sixty days after receipt of an insured's proof of loss to either pay the claim, dispute the claim, or request reasonable additional information from the insured." *Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 651 (Me. 1993) (quotations omitted) (citation omitted). After

---

[4] The DSMF states that the complete examination took place on January 15, 2003; the plaintiff, however, properly, controverts this date with a record citation that the examination took place on February 10, 2003.

[5] The plaintiff provided approximately 15 additional statements of material fact to defend against summary judgment on Count II. All 15 missed the mark – the real issue regarding Count II is when OneBeacon had receipt of the additional information it requested.

the insurer requests "such additional information, a claim does not become overdue until sixty days following the insurer's receipt of the additional information." *Id.*

Both plaintiff[6] and defendant waste effort disputing the date when OneBeacon received Osgood's completed proof of loss. Osgood claims that OneBeacon received his completed proof of loss on October 2, 2002; the defendant contends that OneBeacon did not receive the completed proof of loss until January 3, 2003. *See* PSMF ¶ 159; DSMF ¶ 143. In this case, it does not matter if OneBeacon received the completed proof of loss in October 2002 or January 2003 because OneBeacon treated the October 2002 proof of loss as complete. The undisputed evidence demonstrates that within 29 days of the October 2, 2002 proof of loss, OneBeacon requested additional information, in the form of an examination under oath, from the plaintiff. As a result, the issue before the court regarding Count II centers on when OneBeacon had receipt of the additional evidence and the subsequent notice date.

Plaintiff claims OneBeacon received all additional information as of November 20, 2002 when OneBeacon's counsel conducted Osgood's partial examination under oath. Furthermore, plaintiff also claims that as of that date, he provided OneBeacon with a very detailed property list and requested documents. *See* PSMF ¶¶ 168, 171. Contrary to the plaintiff's argument, however, "a request for an examination under oath, and for production of documents, can constitute 'reasonable additional

---

[6] The plaintiff first argues that summary judgment on Count II is inappropriate due to the interplay between the breach of contract claim (Count I) and Count II. According to the plaintiff, an unpublished recommendation written by Magistrate Judge Kravchuk demonstrates that granting summary judgment on a § 2436 claim is premature because the § 2436 claim only becomes an issue if the plaintiff succeeds on a breach of contract claim. *See Great Northern Storehouse, Inc. v. Peerless Ins. Co.*, No. CIV. 00-7-B, 2000 WL 1900651, at *7 (D. Me. Dec. 29, 2000). Although the plaintiff accurately characterizes Judge Kravchuk's decision, the plaintiff in *Great Northern Storehouse* premised its breach of contract claim on the defendant's failure to properly dispute or pay the plaintiff's insurance claim pursuant to § 2436(2). *Id.* In this case, the plaintiff does not specifically base his breach of contract claim on OneBeacon's failure to dispute his claim in accordance with § 2436(2). Furthermore, unlike in this case, the plaintiffs in *Great Northern Storehouse* moved for summary judgment, and under those circumstances § 2436(1) would only apply "if plaintiffs prevail[ed] on their breach of contract claim." *Id.*

6

information' within the meaning of section 2436." *Marquis*, 628 A.2d at 651 (citation omitted). Although the Law Court has not addressed whether examination under oath must be complete, this court assumes that the examination must be so, otherwise an insurer could not reasonable dispute or pay a claim. As a result, OneBeacon received all additional information when Osgood submitted to the complete examination under oath that concluded by February 2003; however, OneBeacon did not receive the signed transcript and errata sheet until March 4, 2003, making the May 2, 2003 denial letter timely. If, however, OneBeacon had receipt of the additional information immediately following the February 2003 examination, the May 2, 2003 denial letter would be untimely. For purposes of this motion, the court determines that March 4, 2003 is the operative receipt date.

The plaintiff, however, generated a genuine issue of material fact regarding when Osgood received notice of the denial. Osgood did not receive notice of the denial of the claim until May 5, 2003; 63 days after OneBeacon received all additional information. PSMF ¶ 174. The defendant concedes that the statute does not specifically address this issue, but maintain that a "service upon mailing" rule should apply. Unfortunately for the insurance company, the Law Court held that the court must "apply a strict construction analysis" to ¶ 2436. *Marquis*, 628 A.2d at 651 (citation omitted). Consequently, this court declines to impose a "service by mail" rule because section 2436 lacks express legislative direction indicating such a requirement. *Id.*

## D. COUNT IV: UNFAIR TRADE PRACTICES

Osgood alleges that the defendant engaged in unfair or deceptive practices by not honoring plaintiff's claim and/or not justifying or explaining the basis for the denial of plaintiff's claim. DSMF ¶ 154. In response, OneBeacon argues that the court should grant its motion for summary judgment on Count IV because the plaintiff failed to

7

comply with the UTPA notice provisions or, in the alternative, OneBeacon did not violate the UTPA.

In pertinent part, the notice provision of the UTPA provides that:

> At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address.

5 M.R.S.A. § 213(1-A)(2005). Section 213(1-A) is "not jurisdictional and do[es] not operate . . . to preclude [a] plaintiff[] from maintaining [a] UTPA claim." *Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors*, 659 A.2d 267, 273 (Me. 1995). As a result, the court cannot grant summary judgment on Count IV based only on insufficient notice.[7]

The UTPA provides a private cause of action to "any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 . . ."[8] 5 M.R.S.A. § 213(1) (2005). Whether a defendant commits a deceptive or unfair act "cannot be defined precisely and must be determined by the fact finder on a case-by-case basis." *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996). Nevertheless, a deceptive practice has the "capacity or tendency to deceive," and it may be deceptive even though the vendor had no purpose

---

[7] In *Oceanside*, the Superior Court granted the defendant's motion for summary judgment on the plaintiffs' UTPA claim because the plaintiff failed to comply with the notice provision set out in section 213(1-A). *Oceanside at Pine Point Condominium Owners Ass'n*, 659 A.2d at 273. The Law Court held that, although the plaintiffs' demand letter indeed failed to comply with the requirements stated in section 213(1-A), the Superior Court improperly granted summary judgment because "the notice requirements of section 213(1-A) are not jurisdictional and do not operate in this case to preclude the plaintiffs from maintaining their UTPA claim against [the defendant." *Id.*

[8] 5 M.R.S.A. § 207 declares "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. 5 M.R.S.A. § 207 (2005).

8

to deceive. *Bartner v. Carter*, 405 A.2d 194, 200-01 (Me. 1979). Additionally, private relief "is available only if the consumer has suffered a loss of money or property as a result of a[n] [UTPA] violation." *Parker v. Ayre*, 612 A.2d 1283, 1285 (Me. 1992).

The defendant argues that Osgood failed to present a prima facie case for an UTPA violation because his alleged arson provided OneBeacon with a reasonable basis for denying the claim. According to the defendant, some time before the fire, Osgood told Kurt Hoeft, and acquaintance, that he planned to burn down his home. DSMF ¶¶ 111-115. OneBeacon also relied on the disputed fact that New England Fire Cause & Origin determined that the fire was incendiary in nature and of human design. DSMF ¶ 125. The plaintiff, however, disputes these facts and provides additional facts, disputed by OneBeacon, calling into question the veracity of Hoeft's testimony as well as OneBeacon's arson theory. PSMF ¶¶ 179, 186, 189.[9]

Osgood points out that Hoeft is the type of person that will tell an individual what that person wants to hear, PASMF § 179; but the plaintiff also notes that the responding fire department concluded that the fire originated in the furnace and that the Fire Marshall ruled the cause of the fire undetermined. PASMF ¶¶ 186, 189. The net effect is that even if Hoeft's testimony is disregarded, there is still a valid dispute of material fact to be resolved by the jury.

Finally, Osgood submitted facts, that, if believed by a jury could demonstrate that the plaintiff suffered substantial loss of money related to the denial of Osgood's insurance claim, including loss of his job and an inability to secure new employment. PASMF ¶¶ 226, 239-242, 244.

---

[9] OneBeacon requested the court strike PSMF ¶¶ 186 and 189 primarily because Osgood provided record citations that refer to documents containing hearsay. Although the documents do contain hearsay, the record references "refer to evidence of a *quality that could* be admissible at trial." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653, 656 (emphasis added).

Given these issues of fact raised by both parties, there is a possibility that if the jury accepted the plaintiff's version of the facts, the jury could find that OneBeacon committed and unfair or deceptive act when unreasonably denying Osgood's insurance claim.[10]

## E. COUNT V: DEFAMATION

Common law defamation consists of: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either action-ability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (citation omitted). A statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Bakal v. Weare*, 583 A.2d 1028, 1029 (Me. 1990) (citations omitted). The statement must be "of and concerning" the plaintiff, meaning, "that the plaintiff must be

---

[10] OneBeacon also argues that the Law Court's holding in *First of Me. Commodities v. Dube*, 534 A.2d 1298 (Me. 1987), precludes UTPA relief because a general statutory scheme regulates the insurance industry. In *First of Me. Commodities*, the Law Court held that "because by statute the Maine Real Estate Commission extensively regulates brokers' activities, including the execution of exclusive listing agreements, such activities fall outside the scope of Maine's Unfair Trade Practices Act and Consumer Solicitation Sales Act." *Id.* at 1302. The Law Court reached this holding based on a two-pronged analysis. First, the court noted that the UTPA contains the following exemption from its scope:

> Nothing in this chapter shall apply to:
>
> 1. Regulatory boards. Transactions or actions otherwise permitted under laws as administered by an regulatory board or officer acting under statutory authority of the State or the United States; . . .

*Id.* at 1301 (citing 5 M.R.S.A. § 208(1)). Next, the court observed that "under the statutory authority of the State of Maine, the Maine Real Estate Commission regulates the sales efforts of licenses brokers. [citation omitted]. The Commission may investigate and penalize licensed brokers who violate the numerous statutory restrictions on their activities. [citation omitted]. These restrictions include standards for listing agreements of the type at issue in this case[.]" *Id.*

The holding in *First of Me. Commodities*, however, does not affect this case. OneBeacon did not provide any statutes or regulations that regulate the investigation process or procedures involved in a fire insurance claim, and an independent search did not yield any results. Therefore, unlike *First of Me. Commodities*, a specific statutory scheme or regulation does not preclude UTPA relief in this case.

10

identified expressly or by clear implication." *Hudson v. Guy Gannett Broadcasting Co.,* 521 A.2d 714, 715 n.12, 716 (Me. 1987). Finally, an opinion is not actionable and "a comment ostensibly in the form of a statement of fact, is an opinion if it is clear from the surrounding circumstances that the maker of the statement did not intend to state an objective fact but intended rather to make a personal observation of the facts." *Caron v. Bangor Pub. Co.,* 470 A.2d 782, 784-85 (Me. 1984).

During OneBeacon's investigation of Osgood's mobile home fire loss, the plaintiff claims that OneBeacon's investigator, Rick Brooks, defamed Osgood. DSMF ¶ 2. Brooks allegedly made defamatory statements to the following people: Osgood's neighbors Wayne Hoover, Kurt & Michelle Hoeft, and Tim Mayberry; Osgood's ex-wife Theresa Knox and his ex-mother-in-law Sharon Knox; and Osgood's daycare provider, Mary Harrington. DSMF ¶¶ 4-6. Finally, plaintiff also grounds his defamation claim on OneBeacon's action of sending a carbon copy of its non-renewal of insurance letter to plaintiff's bank, Banknorth. DSMF ¶ 7. Essentially, the defamation charge focuses on whether Brooks told the aforementioned individuals that 1) Osgood committed arson by burning down his trailer, and detailed how Osgood burned down his house; 2) Osgood committed arson and/or was convicted of arson for intentionally burning his car in New Hampshire; or 3) that OneBeacon would pursue the plaintiff for arson and insurance fraud. DSMF ¶¶ 3-4.

Although OneBeacon criticizes the form of the alleged defamation statements,[11] Osgood provided facts that, if believed by a jury, may demonstrate that Brooks

---

[11] OneBeacon argues that Brooks never made any *statements*; rather, during the course of his investigation, he posed *questions* to the various people. As such, OneBeacon contends that even assuming the questions contained defamatory features; the questions are not actionable because questions are not statements. Although the Law Court has not had the opportunity to address this precise issue, it seems highly unlikely that the court would allow defendant to escape liability for defamation because he couched his statements in leading and suggestive questions. Indeed, to do so would amount to approval of tortuous conduct.

defamed the plaintiff while investigating the fire. Osgood's neighbor, Wayne Hoover, provided an affidavit stating that Brooks insinuated that Osgood set fire to his home and that Brooks "would get Leroy Osgood for either arson or fraud." Hoover affidavit ¶¶ 9, 11. At this point in Brooks' investigation, and indeed to this day, *See* PSMF ¶¶ 179, 186, 189, the cause of the fire may not have been arson, which may demonstrate not only falsity of the statements, but fault amounting to at least negligence. Furthermore, given that Brooks investigated the fire on behalf of OneBeacon and asked considerable questions of several people, it is not clear from these "surrounding circumstances that the maker of the statement did not intend to state an objective fact but intended rather to make personal observation of the facts."[12] *Caron*, 470 A.2d at 784-85.

Additionally, at his deposition, Hoover testified that Brooks told him that Osgood "was convicted of . . . burning up a car in New Hampshire." Hoover deposition 23:15-25. There is no record of such a conviction and to the contrary, OneBeacon provided an insurance payout for a vehicle fire in New Hampshire, which can suggest an accidental fire. PSMF ¶ 202. As a result, this statement may also demonstrate that Brooks defamed Osgood while investigating the fire.

## F. COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To prevail in an action for intentional infliction of emotional distress, Osgood must establish that:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from her conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community; (3) the actions of the defendant caused the

---

[12] Brooks made a statement to Osgood's neighbor, Tim Mayberry, that may question whether Brooks made statements of objective fact or personal observation of the facts. Brooks stated to Mayberry that "I've been working on this for quite a while so I'm getting information from a lot of different sources." DSMF ¶ 26.

12

plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable [person] could be expected to endure it.

*Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18, 22-23. "A person acts recklessly if [he] knows or should know that [his] conduct creates an unreasonable risk of harm to another person and the unreasonableness of [his] actions exceeds negligence." *Id.*

Moreover, severe emotional distress "means emotional distress, created by the circumstances of the event, that is so severe that no reasonable person could be expected to endure it." *Botka v. S.C. Noyes & Co.*, 2003 ME 128 ¶ 17, 834 A.2d 947, 952. Finally, in an IIED claim, the court determines "in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 16, 711 A.2d 842, 847 (internal quotations omitted) (citations omitted).

Osgood premises his IIED claim on Brooks' alleged defamatory statements as well as OneBeacon's delay and unjustifiable denial of Osgood's insurance claim. Even assuming that Osgood's argument regarding the delay and eventual denial of his claim had merit; such action cannot be regarded as extreme or outrageous. OneBeacon was merely attempting to collect evidence and information to ensure the validity of the claim. Furthermore, Brooks' alleged statements, although damaging and unfortunate, do not constitute outrageous or extreme conduct. *See Champagne*, 1998 ME 87, ¶ 16, 711 A.2d at 847.[13]

---

[13] In *Champagne*, a nursing student took Champagne's newly born son out of the nursery and gave him to another maternity patient. *Champagne*, 1998 ME 87, ¶ 2, 711 A.2d at 844. The patient breast-fed the child for three to five minutes before it was discovered that the baby was not hers. *Id.* The Law Court held that the Superior Court did not err in determining as a matter of law that Champagne failed to state a cause of action for IIED, reasoning that "such conduct, while troubling and unfortunate, cannot be characterized as so extreme and outrageous as to exceed all possible bounds of decency in a civilized community." *Id.* at ¶ 16, 711 A.2d at 847. If that conduct does not qualify as outrageous or extreme enough, then the defamatory remarks alleged here do not meet the standard.

13

## G. COUNT VIII: UNFAIR SETTLEMENT PRACTICES ACT

In pertinent part, the Unfair Claims Settlement Practices Act ("UCSPA") provides:

> A person injured by any of the following actions taken by that person's own insurer may bring a civil action . . .
>
> A.    Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;
> B.    Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;
>
> . . .
> D.    Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or
> E.    Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A M.R.S.A. § 2436-A(1)(A)-(E) (2005). Osgood alleges that OneBeacon committed unfair settlement practices by violating subsections (1)(A), (1)(B), (1)(E).

### 1. Knowing Misrepresentation, Failing to Acknowledge and Failing to Affirm

Regarding subsection (1)(A), the plaintiff argues that OneBeacon misrepresented when it had to pay or deny the insurance claim. Osgood contends that OneBeacon received all reasonable additional information by November 20, 2002, and as a result, OneBeacon made a misrepresentation of fact when informing Osgood that it had 60 days after the completed examination under oath to pay or deny his claim. The 60-day timeline, however, is a matter of law that, as discussed at length *supra*, provided the defendant with 60 days after the January or February examination to pay or dispute the claim.

Regarding subsections (1)(B) and (1)(D), Osgood similarly argues that OneBeacon did not deny the insurance claim within a reasonable time because the

14

defendant denied the claim eight months after receiving all reasonable additional information. It is clear that the defendant had 60 days to pay or dispute the claim, which the legislature has determined to be a reasonable time.

## 2. Acting without Just Cause

Section 2436-A(2) defines "without just cause" as an insurer that "refuses to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed." 24-A M.R.S.A. § 2436-A(2) (2005). OneBeacon simply argues that Osgood's alleged arson of the home provided OneBeacon with a reasonable basis for contesting liability, making summary judgment on this portion of this portion of the UCSPA appropriate. The court disagrees.

The plaintiff properly controverts facts claiming he purposely set fire to his home and provided additional facts, disputed by OneBeacon, tending to question OneBeacon's arson theory. PSMF ¶¶ 179, 186, 189. In addition to the disputed facts detailed above, the plaintiff provided facts, again disputed by OneBeacon, demonstrating that various factors may have tainted the investigation into whether electrical problems caused the fire. PSMF ¶¶ 190-192. If the jury accepts the plaintiff's version of the facts, it could find that OneBeacon acted without just cause because they did not have a reasonable basis to contest liability.

## H. PUNITIVE DAMAGES

Summary judgment is not appropriate on the claim for punitive damages because of disputed factual issues on the remaining counts. *See Rippett v. Bemis*, 672 A.2d 82, 89 (Me. 1996) (holding that because the trial court erred in entering summary judgment in favor of the defendants on a defamation claim, the court also erred in entering summary judgment in favor of the defendants on plaintiff's punitive damages claim).

15

## III. DECISION AND ORDER

The clerk will make the following entries onto the docket of this case as the Decision and Order of the court:

**A.** Defendant's Motion to Strike is dismissed.

**B.** Defendant's Motion for Summary Judgment on Count VI, Intentional Infliction of Emotional Distress is granted.

**C.** Defendant's Motion for Summary Judgment is denied as to all other counts.

SO ORDERED.

DATED: June 5, 2006

Thomas E. Delahanty II
Justice, Superior Court

LEROY OSGOOD  - PLAINTIFF

Attorney for: LEROY OSGOOD
KAREN WOLFRAM  - RETAINED 09/10/2004
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112


vs
CU YORK INSURANCE CO F/K/A YORK INSURANCE CO - DEFENDANT
,
Attorney for: CU YORK INSURANCE CO F/K/A YORK INSURANCE CO
ANNE JORDAN  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

Attorney for: CU YORK INSURANCE CO F/K/A YORK INSURANCE CO
JOHN R VEILLEUX  - RETAINED 04/27/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

ONE BEACON INSURANCE COMPANY - DEFENDANT
,
Attorney for: ONE BEACON INSURANCE COMPANY
ANNE JORDAN  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

Attorney for: ONE BEACON INSURANCE COMPANY
JOHN R VEILLEUX  - RETAINED 04/27/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2004-00568


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 09/10/2004

## Docket Events:

09/10/2004 FILING DOCUMENT - COMPLAINT FILED ON 09/10/2004
           EXHIBITS A AND B FILED WITH COMPLAINT (LJ)

09/13/2004 Party(s):  LEROY OSGOOD
           ATTORNEY - RETAINED ENTERED ON 09/10/2004
           Plaintiff's Attorney: KAREN WOLFRAM

10/12/2004 Party(s):  LEROY OSGOOD

SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 10/08/2004
OF PLAINTIFF WITH ATTACHED EXHIBITS A & B   (DC)

10/20/2004 Party(s):  LEROY OSGOOD
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/20/2004

10/20/2004 Party(s):  LEROY OSGOOD
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/20/2004
          UPON ONE BEACON INSURANCE COMPANY TO BRENDA PIAMPIANO (GM)

10/22/2004 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO
          ATTORNEY - RETAINED ENTERED ON 10/22/2004
          Defendant's Attorney: ANNE JORDAN

10/22/2004 Party(s):  ONE BEACON INSURANCE COMPANY
          ATTORNEY - RETAINED ENTERED ON 10/22/2004
          Defendant's Attorney: ANNE JORDAN

10/22/2004 Party(s):  LEROY OSGOOD,CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE
                      COMPANY
          RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 10/22/2004
          ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT. (LJ)

10/25/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/25/2004
          THOMAS E DELAHANTY II, JUSTICE

11/05/2004 ORDER - SCHEDULING ORDER ENTERED ON 11/05/2004
          THOMAS E DELAHANTY II, JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

11/05/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/05/2005
          DISCOVERY DEADLINE IS JULY 5, 2005. ON 11-05-04 COPIES MAILED TO ANN JORDAN, ESQ. AND
          KAREN WOLFRAM, ESQ. AD

11/18/2004 Party(s):  LEROY OSGOOD
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/18/2004
          (WITH ATTACHMENTS) PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF
          DOCUMENTS TO DEFENDANTS, CU YORK INSURANCE COMPANY AND ONE BEACON INSURANCE COMPANY,
          SERVED ON ANNE JORDAN, ESQ. ON 11-17-04 (GM)

01/05/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/05/2005
          DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON PLAINTIFF AND DEFENDANT'S FIRST
          REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON PLAINTIFF SERVED ON KAREN E. WOLFRAM,
          ESQ. ON 1/5/05. (LJ)

01/05/2005 Party(s):  LEROY OSGOOD
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/04/2005
          JOINT MOTION TO ENLARGE SCHEDULING ORDER AS TO DATE OF COMPLETION OF ALTERNATIVE DISPUTE
          RESOLUTION CONFERENCE. AD

01/07/2005 Party(s):  LEROY OSGOOD

MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/06/2005
THOMAS E DELAHANTY II, JUSTICE
JOINT MOTION TO ENLARGE IS GRANTED;TIME TO COMPLETE ADR IS EXTENDED TO JUNE 1, 2005. AD

01/07/2005 Party(s): LEROY OSGOOD
LETTER - FROM PARTY FILED ON 01/04/2005
FROM KAREN WOLFRAM, ESQ. STATING THIS LETTER SERVE AS SERVE AS NOTICE TO T HE COURT THAT
THE PARTIES HAVE AGREED TO MEDIATE THIS MATTER THROUGH CHUCK HARVERY OF HARVEY & FRANK. AD

02/01/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/31/2005
PLAINTIFF, LEROY OSGOOD UNOPPOSED MOTION TO ENLARGE SCHEDULING ORDER AS TO TIME FOR
PLAINTIFF TO DESIGNATE EXPERTS WITH EXHIBIT A.

02/01/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/31/2005
PLAINTIFF'S FIRST SET OF  INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDASNT, CU YORK INSURANCE COMPANY & PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ONE BEACON INSURANCE COMPANY SERVED ON
ANNE JORDAN, ESQ. ON NOVEMBER 17, 2004. AD

02/04/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/03/2005
THOMAS E DELAHANTY II, JUSTICE
FOR GOOD CAUSE SHOWN THE UNOPPOSED MOTION TO ENLARGE IS GRANTED. PLAINTIFFS EXPERTS TO BE
DESIGNATED BY MARCH 7, 2005. ON 02-04-05 COPIES MAILED TO ANNE JORDAN, ESQ. AND KAREN
WOLFRAM, ESQ. AD

02/14/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/14/2005
ANSWERS TO INTERROGATORIES SERVED ON CU YORK INSURANCE COMPANY AND ONEBEACON  INSURANCE
AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON CU YORK INSURANCE COMPANY
AND ONEBEACON INSURANCE COMPANY SERVED ON KAREN WOLFRAM ESQ. ON 2-11-05 (GM)

02/18/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/18/2005
PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS SERVED ON ANNE H. JORDAN ESQ. ON 2-18-05 (GM)

03/02/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/02/2005
PLAINTIFF'S EXPERT WITNESS DESIGNATION SERVBED ON ANNE H. JORDAN, ESQ. ON 3-1-05  (DC)

03/21/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/21/2005
OF DEFENDANTS' TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT WITH EXHIBITS A-C (GM)

03/30/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/30/2005
NOTICE TO TAKE ORAL DEPOSITION OF RICK BROOKS AND DOROTHY OSGOOD SERVED ON ANNE H .
JORDAN, ESQ ON 3/29/05. (LH)

04/01/2005 Party(s): LEROY OSGOOD

JURY FILING - DEMAND FOR JURY TRIAL FILED ON 04/01/2005
BY PLAINTIFF WITH $300. FILING FEE. (LH)

04/04/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/04/2005
NOTICE OF DEPOSITION OF PLAINTIFF, LEROY OSGOOD, SERVED ON KAREN WOLFRAM ESQ. ON 4-1-05
(GM)

04/05/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/05/2005
OBJECTION TO DEPOSITION NOTICE OF LEROY OSGOOD SERVED ON ANNE H. JORDAN, ESQ. ON 04/04/05
(JBG).

04/07/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/07/2005
DEFENDANTS' EXPERT WITNESS DESIGNATION SERVED ON KAREN WOLFRAM ESQ. ON 4-5-05 (GM)

04/08/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/08/2005
DEFENDANTS' SUPPLEMENTAL EXPERT WITNESS DESIGNATION SERVED ON KAREN WOLFRAM ESQ. ON 4-6-05
(GM)

04/11/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/11/2005
PLAINTIFF'S FIRST SUPPLEMENT RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION
PROPOUNDED UPON PLAINTIFF SERVED ON ANNE H. JORDAN, ESQ. ON 4-8-05   (DC)

04/11/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/11/2005
FROM KAREN WOLFRAM, ESQ. WITH ATTACHMENTS REQUESTING A DISCOVERY CONFERENC E WITH THE
COURT  (DC)

04/11/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/11/2005
OF DEFENDANTS' MOTION  TO EXTEND TIME FOR DESIGNATION  OF EXPERT WITNESSES. AD.

04/13/2005 Party(s):  LEROY OSGOOD
LETTER - FROM PARTY FILED ON 04/13/2005
FROM  PLAINTIFF ATTY KAREN E WOLFRAM, ESQ. REGARDING DEFENDANT'S MOTOIN TO EXTEND TIME FOR
DESIGNSYION &  REQUEST FOR DISCOVERY CONFERENCE. SHE DOES  OBJECT OTHER THAN THE ISSUE OF
PLAINTIFF'S MENTAL/EMOTIONAL INJURIES ONLY. (LH)

04/14/2005 Party(s):  LEROY OSGOOD
MOTION - MOTION TO STRIKE FILED ON 04/13/2005
OF PLAINTIFF, LEROY OSGOOD NOTICE AND MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EXPERT
WITNESS DESIGANTION AND TO EXCLUDE EXPERT COMPUTER WITNESSES.AD

04/15/2005 Party(s):  LEROY OSGOOD
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/15/2005
OF PLAINTIFF, LEROY OSGOOD OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME FOR DESIGNATION
OF EXPERT WITNESSES. AD

04/19/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY

DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/19/2005
OF DEFENDANT AMENDED NOTICE OF DEPOSITION OF PLAINTIFF LEROY OSGOOD SERVED ON KAREN
WOLFRAM, ESQ. ON APRIL 14, 2005. AD

04/19/2005 Party(s): LEROY OSGOOD
MOTION - MOTION TO AMEND PLEADING FILED ON 03/07/2005
PLAINTIFF, LEROY OSGOOD MOTION TO AMEND FIRST AMENDED COMPLAINT. AD

04/19/2005 Party(s): LEROY OSGOOD
MOTION - MOTION TO AMEND PLEADING GRANTED ON 04/19/2005
THOMAS E DELAHANTY II, JUSTICE
PROPOSED ORDER AS TO MOTION TO AMEND FIRST AMENDED COMPLAINT; AFTER NOTICE AND HEARING,
THE COURT GRANTS PLAINTIFFS MOTION TO AMEND FIRST AMENDED COMPLAINT. THIS MOTION IS
GRANTED OVER OBJECTION OF DEFENDANT. ON 04-20-05 COPIES MAILED TO ANNE JORDAN, ESQ. AND
KAREN WOLFRAM, ESQ. AD

04/19/2005 Party(s): LEROY OSGOOD
MOTION - MOTION TO STRIKE DENIED ON 04/19/2005
THOMAS E DELAHANTY II, JUSTICE
THE MOTION TO STRIKE AND TO EXCLUDE EXPERT COMPUTER WITNESSES IS DENIED. ON 04-20-05
COPIES IS ANNE JORDAN, ESQ. AND KAREN WOLFRAM, ESQ. AD

04/26/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/26/2005
OF PLAINTIFF'S AMENDED NOTICE TO TAKE ORAL DEPOSITION OF RICK BROOKS SERVED ON ANNE H.
JORDAN, ESQ. ON 4-25-05. AD

04/27/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - ENTRY OF APPEARANCE FILED ON 04/27/2005
BY JOHN R VEILLEUX, ESQ. FOR DEFENDANTS. (LH)

04/27/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO
ATTORNEY - RETAINED ENTERED ON 04/27/2005
Defendant's Attorney: JOHN R VEILLEUX

04/27/2005 Party(s): ONE BEACON INSURANCE COMPANY
ATTORNEY - RETAINED ENTERED ON 04/27/2005
Defendant's Attorney: JOHN R VEILLEUX

04/28/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 04/28/2005
OF DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT. AD

04/29/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/29/2005
AMENDEDN OTICE OF DEPOSITION OF DOROTHY OSGOOD SERVED ON ANNE JORDAN, ESQ. ON 4/28/05.
(LH)

05/04/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/04/2005
OBJECTION TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF RICK BROOKS SERVED ON KAREN
WOLFRAM ESQ. ON 4-29-05 (GM)

05/04/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 05/04/2005
FROM JOHN R. VEILLEUX (GM)

05/05/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/03/2005
THOMAS E DELAHANTY II, JUSTICE
UPON MOTION OF THE DEFENDANT, AND THERE BEING GOOD CAUSE SHOWN, THE DEADLINE FOR
DESIGNATION OF EXPERTS HAS BEEN EXTENDED TO MAY 23, 2005. THE COURT IS INSTRUCTED TO ENTER
THIS ORDER BY REFERENCE IN THE DOCKET. ON 05-05-05 COPIES MAILED TO JOHN VEILLEUX, ANN
JORDAN AND KAREN WOLFRAM, ESQS. AD

05/10/2005 HEARING - REQUEST TELEPHONE CONFERENCE HELD ON 05/10/2005
THOMAS E DELAHANTY II, JUSTICE
COURT FINDINGS OR RULINGS; THE ENTRY WILL BE: DEPOSITIONS TO BE HELD IN ORDER OF NOTICE AN
DDATE SET IN NOTICE. MAY 11 - ROCK BROOKS; MAY 13 - DOROTHY OSGOOD. ON 05-10-05 COPIES
MAILED TO KAREN WOLFRAM, ESQ. AND ANNE JORDAN, ESQ.

05/11/2005 Party(s):  ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/11/2005
AMENDED NOTICE OF DEPOSITION OF PLAINTIFF LEROY OSGOOD SERVED ON KAREN WOLFRAM,ESQ ON 05-
10-05 (JW)

05/16/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/16/2005
SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF LEROY OSGOOD SERVED ON KAREN WOLFRAM,
ESQ. ON 05/12/05 (JBG).

05/17/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/17/2005
OBJECTION TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS INCORPORATED IN NOTICE TO
TAKE DEPOSITION OF LEROY OSGOOD SERVED ON ANNE H. JORDAN, ESQ. ON 5-16-05  (DC)

05/23/2005 Party(s):  LEROY OSGOOD
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 03/07/2005
OF PLAINTIFF, LEROY OSGOOD SECOND AMENDED COMPLAINT. (FILED AS EXHIBIT A WITH ORIGINAL
SIGNATURE OF KAREN WOLFRAM, ESQ). PLAINTIFF, LEROY OSGOOD MOTION TO AMEND FIRST AMENDED
COMPLAINT IS GRANTED.

05/24/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - DESIGNATION OF EXPERT WITNESS FILED ON 05/23/2005
OF DEFENDANTS' SECOND SUPPLEMENTAL EXPERT WITNESS DESIGNATION WITH ATTACHMENTS (JBG).

06/02/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 06/02/2005
REQUEST FOR DISCOVERY CONFERENCE WITH ATTACHMENTS. AD

06/02/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/02/2005
NOTICES TO TAKE DEPOSITIONS OF BRIAN SMITH AND DAVID WEYMOUTH SERVED ON ANNE JORDAN, ESQ.
ON 6-1-05  (DC)

06/02/2005 Party(s):  LEROY OSGOOD

LETTER - FROM PARTY FILED ON 06/02/2005
FROM KAREN E WOLFRAM ESQ REEGARDING THE PARTIES INABILITY TO SETTLE HIS MATTER AT
MEDIATION ON MAY 26 2005 (JW)

06/06/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/06/2005
DEFENDANTS' OBJECTION TO NOTICE OF DEPOSITION OF DAVID WEYMOUTH (GM)

06/06/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/06/2005
NOTICE OF DEPOSITION OF JESS ARONSTEIN PH.D. AND PAUL F. AMORUSO C.P.C.U. SERVED ON KAREN
WOLFRAM ESQ. ON 6-3-05 (GM)

06/08/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/08/2005
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DAVID WEYMOUTH SERVED ON ANNE H. JORDAN ESQ. ON
6-7-05 (GM)

06/09/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/09/2005
DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON
KAREN WOLFRAM, ESQ. ON 6-8-05  (DC)

06/10/2005 Party(s):  LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/10/2005
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CU YORK INSURANCE
N/K/A YORK INSURANCE SERVED ON ANNE H. JORDAN ESQ ON 6-9-05 (GM)

06/10/2005 ORDER - COURT ORDER ENTERED ON 06/10/2005
THOMAS E DELAHANTY II, JUSTICE
COURET FINDINGS OR RULINGS: THE ENTRY WILL BE: PLAINTIFF'S REQUEST FOR "ALL" DOCUMENTS IS
TOO BROAD-OBJECTIONS SUSTAINED. COURT NOTES THAT IT APPEARS "SOME" DOCUMENTS SHOULD BE
PROVIDED-PLAINTIFF MAY SUBMIT NARROWED REQUEST. DEFENDANT TO PROVIDE ALL DOCUMENTS AND
INFOMATION RETRIEVED FROM PLAINTIFF COMPUTER AND REPORT OF EXPERT(S) AS TO METHOD OF
OBTAINING INFORMATION. ON 06-10-05 COPIES MAILED TO KAREN WOLFRAM, ESQ. AND ANNE JORDAN,
ESQ. AD

06/10/2005 Party(s):  LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/10/2005
UNOPPOSED MOTION TO ENLARGE SCHEDULING ORDER. AD

06/10/2005 Party(s):  LEROY OSGOOD
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 06/10/2005
THE CASE WAS NOT SETTLED. THE PARTIES RECESSED THE MEDIATION BECAUSE OF TH ENEED TO
DEVELOP FURTHER FACT FINDING AND MAY RECONVENE MEDIATION AFTER FURTHE DISCOVERY. HE AGREE
THAT FURTHER DISCOVEYR IS NEEDED BEFORE THE PARTIES RESUME MEDIATION.(REPORT OF NEUTRAL)
AD.

06/17/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION TO DISMISS FILED ON 06/16/2005
OF DEFENDANTS' MOTION TO DISMISS COUNTS I, 111, IV AND VII OF PLAINTIFF'S SECOND AMENDED
COMPLAINT; MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS 1, 111, IV AND VII OF
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO M.R.CIV.P.12(B)(6); REQUEST FOR HEARING;

PROPOSED ORDER. AD

06/17/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO, ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/17/2005
SUBPOENA TO PRODUCE EVIDENCE SERVED ON BANKNORTH NA ON 6-7-05 SERVED TO KAREN WOLFRAM ESQ
ON 6-14-05 (JW)

06/20/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/20/2005
OBJECTIONS TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS INCORPORATED IN NOTICE TO
TAKE DEPOSITION OF JESS ARONSTEIN, PH.D. SERVED ON ANNE JORDAN, ESQ. ON 6-15-05    (DC)

06/22/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/10/2005
THOMAS E DELAHANTY II, JUSTICE
UNOPPOSED MOTION TO ENLARGE IS GRANTED; ALL DISCOVERY IS TO BE COMPLETED BY SEPTEMBER 6,
2005. OTHER DEADLINES EXTENDED FOR 60 DAYS. ON 06-10-05 COPIES MAILED TO KAREN WOLFRAM,
ESQ. AND  ANNE JORDAN, ESQS. AD

06/30/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/29/2005
OF PLAINTIFF, LEROY OSGOOD MOTION TO ENLARGE TIME TO FILE OPPOSITION TO DEFENDANTS MOTION
TO DISMISS. AD'

06/30/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO, ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/30/2005
NOTICE OF DEPOSITION OF MICHAEL LANE AND AMENDED NOTICE OF DEPOSITION OF PAUL AMORUSO
SERVED ON KAREN WOLFRAM ESQ. ON 6-28-05 (GM)

07/05/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/01/2005
THOMAS E DELAHANTY II, JUSTICE
FOR GOOD CAUSE SHOWN THE MOTION TO ENLARGE IS: GRANTED OVER OBJECTION-RESPONSE TO MOTION
TO DISMISS TO BE FILED BY JULY 29, 2005 (EXTENSION OF TIME WILL NOT DELAY SCHEDULING OF
HEARING). ON 07-05-05 COPIES MAILED TO KAREN WOLFRAM, ANNE JORDAN AND JOHN VEILLEUX, ESQS.
AD

07/14/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO, ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/14/2005
OF DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS SERVED
ON KAREN WOLFRAM, ESQ. ON JULY 11, 2005. AD

07/15/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/15/2005
OF PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION OF LESTER MCLAUGLIN; NOTICE TO TAKE ORAL
DEPOSITION OF NATHANIEL JOHNSON SERVED ON ANNE H. JORDAN, ESQ. ON 7-14-05. AD

07/18/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO, ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/18/2005
OF DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF JESS ARONSTEIN, PH.D. SERVED ON KAREN
WOLFRAM, ESQ. ON JULY 14, 2005. AD

07/21/2005 Party(s): LEROY OSGOOD

DISCOVERY FILING - RULE 26(G) LETTER FILED ON 07/21/2005
FROM KAREN E WOLFRAM ESQ WITH ATTACHED EXHIBITS A-C (JW)

07/25/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/25/2005
OBJECTION TO NOTICE TO TAKE ORAL DEPOSITION OF LESTER MCLAUGHLIN AND NATHAN JOHNSON
SERVED ON KAREN WOLFRAM ESQ ON 7-21-05(JW)

07/28/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/28/2005
OF PLAINTIFF'S THIRD AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DAVID WEYMOUTH SERVED ON
ANNE H. JORDAN, ESQ. ON 7/26/05. AD

07/28/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/28/2005
OF DEFENDANTS' SECOND AMENDED NOTICE OF DEPOSITION OF JESS ARONSTEIN, PH.D. SERVED ON
KAREN WOLFRAM, ESQ. ON JULY 26, 2005. AD

07/29/2005 Party(s): LEROY OSGOOD
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/29/2005
OF PLAINTIFF TO DEFENDANTS' MOTION TO DISMISS (DC)

08/01/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2005
DEFENDANT'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS AND DEFENDANT'S
OBJECTION TO THIRD AMENDED NOTIFICATION OF DEPOSITION OF DAVID WEYMOUTH RECORDS REQUEST
SERVED ON KAREN WOLFRAM ESQ ON 7-29-05 (DC)

08/18/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/18/2005
AMENDED NOTICE OF DEPOSITION OF PAUL F AMORUSO CPCU SERVED ON KAREN WOLFRAM ESQ ON 8-17-05
(JW)

08/24/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/24/2005
OF PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION OF ALAN BROWN; NOTICE TO TAKE ORAL
DEPOSITION OF WAYNE HOERNER; AMENDED NOTICE TO TAKE ORAL DEPOSITION OF NATHANIEL JOHNSON
SERVED ON ANNE H. JORDAN, ESW. ON 8-23-05. AD

08/30/2005 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/30/2005
JOINT MOTION TO EXTEND DISCOVERY DEADLINE. AD

09/19/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/19/2005
SECOND AMENDED NOTICE TO TAKE ORAL DEPOSITION OF NATHANIEL JOHNSON SERVED ON ANNE JORDAN,
ESQ. ON 9-16-05 (DC)

09/19/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/19/2005
PLAINTIFF'S WITNESS AND EXHIBIT LIST SERVED ON ANNE JORDAN, ESQ. ON 9-16-05 (DC)

09/19/2005 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 09/19/2005

OF PLAINTIFF - ESTIMATED LENGTH OF TRIAL ONE WEEK   (DC)

09/21/2005 Party(s):  LEROY OSGOOD
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/16/2005
          THOMAS E DELAHANTY II, JUSTICE
          THE DISCOVERY DEADLINE IN THIS MATTER IS EXTENDED TO NOVEMBER 1, 2005. AT THE DIRECTION OF
          THE COURT, THIS ORDER SHALL BE INCORPORATED INTO THE DOCKET BY REFERENCE. RULE 7(A). ON
          09-21-05 COPIES MAILED TO ANNE JORDAN, JOHNM VEILLEUX AND KAREN WOLFRAM, ESQS. AD

09/26/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/26/2005
          DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS PRODUCED BY TD
          BANKNORTH NA SERVED ON KAREN WOLFRAM, ESQ. ON 9-23-05    (DC)

09/26/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/26/2005
          DEFENDANT'S WITNESS AND EXHIBIT LIST SERVED ON KAREN WOLFRAM, ESQ. ON 9-23-05    (DC)

10/03/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/03/2005
          NOTICES OF DEPOSITIONS OF JONATHAN MCMATH AND DIANE BRANDT SERVED ON KAREN WOLFRAM ESQ ON
          9-29-05  (DC)

10/05/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 10/05/2005
          OF JONATHAN BROGAN ESQ ON BEHALF OF DEFS CU YORK INS AND ONEBEACON INS (DC)

10/21/2005 Party(s):  LEROY OSGOOD
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/21/2005
          OF PLAINTIFF'S AMENDED NOTICE TO TAKE ORAL DEPOSITION OF JOHN KIDDER; NOTICE TO TAKE ORAL
          DEPOSITION OF ALBERT DRUKTEINIS, M.D. SERVED ON ANNE H. JORDAN, ESQ. ON 10-20-05. AD

10/31/2005 Party(s):  LEROY OSGOOD
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/28/2005
          JOINT MOTION TO EXTEND DISCOVERY DEADLINE. AD

11/04/2005 Party(s):  LEROY OSGOOD
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/04/2005
          THOMAS E DELAHANTY II, JUSTICE
          ORDER AS TO JOINT MOTION TO EXTEND DISCOVERY DEADLINE; THIS COURT FINDS THE EXTENSION IS
          APPROPRIATE. THEREFORE, DISCOVERY DEADLINE IS EXTENDED UNTIL DECEMBER 31, 2005. AD

11/22/2005 Party(s):  LEROY OSGOOD
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/22/2005
          AMENDED NOTICE TO TAKE ORAL DEPOSITION OF KIDDER SERVED ON ANNE JORDAN ESQ ON 11-21-05
          (DC)

11/23/2005 Party(s):  CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/23/2005
          NOTICE TO TAKE DEPOSITION OF WAYNE HOOVER SERVED ON KAREN WOLFRAM ESQ ON 11-22-05 (GM)

11/29/2005 Party(s):  LEROY OSGOOD
          SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE FILED ON 11/29/2005

11/29/2005 Party(s): LEROY OSGOOD
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE SERVED ON 11/18/2005
WITNESS SUBPOENA FOR DEPOSITION: UPON WAYNE HOOVER. AD

12/13/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/13/2005
THIRD AMENDED NOTICE TO TAKE ORAL DEPOSITION OF JOHN KIDDER SERVED ON ANNE JORDAN ESQ ON
12-12-05 (DC)

12/21/2005 Party(s): LEROY OSGOOD
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 12/20/2005
FROM DANIEL LILLEY ESQ (GM)

12/22/2005 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 12/22/2005
OF DEFENDANTS' WITH ATTACHMENTS (JBG).

01/06/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION TO DISMISS OTHER DECISION ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
PLEASE SEE ORDER OF JAN 5, 2006. AD

01/06/2006 ORDER - COURT ORDER ENTERED ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
 THIS MATTER CAME BEFORE THE COURT UPON THE DEFENDANT'S MOTION TO DISMISS COUNTS I, III,
IV AND VII. AFTER HEARING--PLAINTIFF WITHDRAWS MOTION TO DISMISS AS TO COUNT I - BREACH OF
CONTRACT. DEFENDANT'S MOTION TO DISMISS COUNT III FOR BREACH OF IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING IS GRANTED. DEFENDANT'S MOTION TO DISMISS COUNT IV, UNFAIR TRADE
PRACTICES IS DENIED. DEFENDANT'S MOTION TO DISMISS COUNT VII FOR NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS IS GRANTED. THE CLERK SHALL IN- CORPORTE THIS ORDER INTO THE DOCKET BY
REFERENCE. ON 01-06-06 COPIES MAILED TO KARENWOLFRAM AND ANNE JORDAN, ESQS. AD

01/06/2006 ORDER - COURT ORDER ENTERED ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
PURSUANT TO M.R.CIVP.269G), THE COURT MET WITH COUNSEL TO REVIEW PLAINTIFF'S REQUEST FOR
DOCUMENTS AND INFORMATION FROM DEFENDANT'S EXPERT JOHN KIDDER AND FROM THE DEFENDANT'S
INVESTIGATIVE FILE. AS THE CONFERENCE, THE COURT REVIEWED THE DISPUTED CORRESPONDENCE FROM
KIDDER'S FILLE AND FINDS THAT IT IS WORK-PRODUCT NOT SUBJECT TO DISCOVERY, IS NOT RELEVANT
AND/OR IS NOT LIKELY TO LEAD TO FURTHER ADMISSIBLE EVIDENCE. THE DEFENDANT IS NOT REQUIRED
TO PRODUCE THE CORRESPONDENCE AS DISCOVER. PLAIN- TIFF ALSO SEEKS INFORMATION IN
DEFENDANT'S POSSESSION THAT SUPPORTS DEFENDANT'S CONCLUSIONS AND REASONS FOR DENYING
PLAINTIFF'S CLAIM. IT IS ORDERED THE DEFENDANT SHALL IN WRITING PROVIDE TO PLAINTIFF AN
ITEMIZED STATEMETN OF THE REASONS THAT PLAINTIFF'S CLAIM WAS DENIED AND, TO THE EXTENT
THEY HAVE NOT ALREADY BEEN PROVIDED, COPIES OF ALL STATEMENTS, DOCUMENTS AND EXHNIBITS
THAT SUPPORT THESE CONCLUSIONS. ON 01-05-06 COPIOES MAILED TO KAREN WOLFRAM AND JONATHAN
BROGAN, ESQ. AD

01/09/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/09/2006
INTERVIEW TRANSCRIPT OF TIMOTHY MAYBERRY, KRIS OSGOOD, AND CHESTER OSGOOD SERVED ON KAREN
WOLFRAM, ESQ. ON 01/04/06 (JBG).

01/19/2006 Party(s): LEROY OSGOOD
MOTION - MOTION TO CLARIFY FILED ON 01/12/2006
OF PLAINTIFF, LEROY OSGOOD MOTION FOR CLARIFICATION OF ORDER ON DEFENDANTS' MOTION TO
DISMISS WITH INCORPORATED MEMORANDUM OF LAW WITH ATTACHMENTS. AD

01/27/2006 HEARING - OTHER MOTION HELD ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
HEARING HELD ON DEFENDANTS' MOTION TO DISMISS COUNTS, 1, 111, IV AND VII OF PLAINTIFF'S
SECOND AMENDED COMPLAINT. AD

01/30/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/30/2006
SUBPOENA TO PRODUCE EVIDENCE SERVED ON SABRE YACHTS SERVED ON KAREN WOLFRAM, ESQ. 1/25/06.
DY

02/01/2006 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/01/2006
OF PLAINTIFF'S UNOPPOSED MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT. AD

02/01/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/30/2006
OF DEFENDANT'S MOTION TO ENLARGE MOTION FOR SUMMARY JUDGMENT PAGE LIMIT. AD

02/01/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION PARTIAL SUMMARY JUDG FILED ON 01/30/2006
OF DEFENDANTS; STATEMENT OF MATERIAL FACTS IN SUPPORT OF PARTIAL MOTION FOR SUMMARY
JUDGMENT WITH EXHIBITS A THRU Q; MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY
JUDGMENT. AD                                          PER ORDER OF FEBRUARY 2, 2006
SIGNED BY JUSTICE DELAHANTY- MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT
RETURNED TO ANNE JORDAN, ESQ. (DENIED PAGE LIMIT).

02/03/2006 Party(s): LEROY OSGOOD
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/02/2006
THOMAS E DELAHANTY II, JUSTICE
FOR GOOD CAUSE SHOWN THE PLAINTIFF'S UNOPPOSED MOTION TO ENLARGE IS GRANTED. PLAINTIFF HAS
UNTIL MARCH 7, 2006 TO FILE HIS RESPONSE WITH OPPOSING STATEMETN OF FACTS TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT WITH SUPPORTING STATEMENT OF MATERIAL FACTS. COUNSEL
SHALL BE MINDFUL OF M.R.CIV.P.7 ON 02-03-06 COPIES MAILED TO ANNE JORDAN, ESQ. AND KAREN
WOLFRAM, ESQ. AD

02/03/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME DENIED ON 02/02/2006
THOMAS E DELAHANTY II, JUSTICE
MOTION TO ENLARGE MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PAGE LIMIT IS
DENIED. M.R.CIV.P.7(F) REQUIRES PRI8OR LEAVE OF COURT TO FILE MEMORANDUM IN EXCESS OF PAGE
LIMIT. THE CLERK SHALL RETURN TO MEMORANDUM TO COUNSEL. AT THE DIRECTION OF THE COURT,
THIS ORDER SHALL BE INC. INTO THE DOCKET BY REFERENCE. RULE 79(A). ON 02-03-06 COPIES
MAILED TO ANNE JORDAN, ESQ. AND KAREN WOLFRAM, ESQ. AD

02/07/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/07/2006
OF DEFENDANTS' SECOND MOTION TO ENLARGE MOTION FOR SUMMARY JUDGMENT PAGE LIMIT. AD

02/15/2006 Party(s): LEROY OSGOOD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/15/2006
PLAINTIFF'S AMENDED WITNESS LIST AND EXHIBIT LIST SERVED ON ANNE H. JORDAN, ESQ. ON
02/14/06 (JBG).

02/15/2006 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 02/15/2006
(LOCATED IN LETTER FILED BY ATTY. WOLFRAM ON 02/15/06)(JBG).

02/15/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME DENIED ON 02/15/2006
THOMAS E DELAHANTY II, JUSTICE
MEMORANDUM IS LIMITED PURSUANT TO M.R.CIV.P. 7(F) 2-15-06 COPY MAILED TO ANNE JORDAN,
JENNIFER RUSH AND KAREN WOLFRAM ESQS

02/15/2006 Party(s): LEROY OSGOOD
MOTION - MOTION TO CLARIFY OTHER DECISION ON 02/15/2006
THOMAS E DELAHANTY II, JUSTICE
SEE ORDER ENTERED THIS DATE

02/15/2006 ORDER - COURT ORDER ENTERED ON 02/15/2006
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED BY WAY OF CLARIFICATION, THAT PURSUANT TO THE COURT'S 1-5-06 ORDER OF
DEF. MOTION TO DISMISS COUNTS I, III, IV, AND VII OF PL. SECOND AMENDED COMPLAINT; COUNT
II BREACH OF IMPLED COVENANT OF GOOD FAITH AND FAIR DEALING AND COUNT IV NEGLIGENT
INFLICTION OF EMOTIOINAL DISTRESS ARE DISMISSED FOR FAILURE TO STATE AN INDEPENDENT CAUSE
OF ACTION HOWEVER THE ALLEGATIONS CONTAINED IN EACH COUNT ARE NOT STRICKEN BUT MERELY
SUBSUMED AND INCORPORATED INTO THE APPROPRIATE REMAINING  PRINCIPLE CAUSES OF ACTION.
THIS ORDER CLARIFIES BUT DOES NOT SUPERSEDE ANY PREVIOUS OR ADDITIONAL ORDERS AND/OR
FINDINGS SET FORTH IN THE COURT'S 1-5-06 ORDER ON DEFENDANTS' MOTION TO DISMISS. 2-15-06
COPY MAILED TO JENNIFER RUSH, KAREN WOLFRAM AND ANNE JORDAN ESQS

02/21/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - REPLY MEMORANDUM FILED ON 02/21/2006
OF DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT (JBG).

02/28/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - OTHER DOCUMENT FILED ON 02/28/2006
REPLACEMENT EXHIBIT D TO DEFENDANTS' STATEMENT OF MATERIAL FACTS   (DC)

03/07/2006 Party(s): LEROY OSGOOD
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/07/2006
OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH EXHIBIT
1 (JBG).

03/07/2006 Party(s): LEROY OSGOOD
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/07/2006
OF PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS WITH OBJECTIONS: INCLUDING PLAINTIFF'S
STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT WITH EXHIBIT LIST AND EXHIBITS A THRU V (JBG).

03/14/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/13/2006

OF DEFENDANTS' CONSENT MOTION TO EXTEND TIME TO FILE REPLY. AD

03/14/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/14/2006
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY FURTHER ORDERED THAT THE CLERK SHALL INCORPORATE THIS ORDER INTO THE DOCKET
BY REFERENCE PURSUANT TO M.R.CIV.P.79(A). ON 03-14-06 COPIES MAILED TO KAREN WOLFRAM, ESQ.
ANNE JORDAN AND JOHN VEILLEUX, ESQS. AD

03/21/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - REPLY MEMORANDUM FILED ON 03/17/2006
OF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT;
DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF PARTIAL MOTION FOR SUMMARY
JUDGMENT WITH EXHIBITS R THRU V. AD

03/21/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION TO STRIKE FILED ON 03/17/2006
OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S QUALIFICATIONS AND DENIALS OF DEFENDANT'S
STATEMENT OF MATERIAL FACT WITH REQUEST FOR HEARING AND PROPOSED ORDER; REQUEST FOR
HEARING. AD

03/21/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION TO STRIKE FILED ON 03/17/2006
OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S ADDITIONAL STATEMENTS OF MATERIAL FACT WITH
REQUEST FOR HEARING AND PROPOSED ORDER. AD

04/10/2006 Party(s): LEROY OSGOOD
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/07/2006
OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S QUALIFICATIONS AND
DENIALS OF DEFENDANTS' STATEMENTS OF MATERIAL FACT; OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S ADDITIONAL STATEMENTS OF MATERIAL FACT WITH ATTACHMENT. AD

04/12/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/12/2006
DEFENDANT'S AMENDED WITNESS AND EXHIBIT LIST. (DY)

04/20/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - REPLY MEMORANDUM FILED ON 04/20/2006
OF DEFENDANTS' IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL
FACTS (GM)

04/20/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
OTHER FILING - REPLY MEMORANDUM FILED ON 04/20/2006
IF DEFENDANTS' IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S QUALIFICATIONS AND DENIALS OF
DEFENDANT'S STATEMENT OF MATERIAL FACT (GM)

06/01/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION PARTIAL SUMMARY JUDG UNDER ADVISEMENT ON 05/31/2006
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ANNE JORDAN
Plaintiff's Attorney: KAREN WOLFRAM
NO RECORD MADE.

06/01/2006 HEARING - OTHER HEARING HELD ON 05/31/2006
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ANNE JORDAN
Plaintiff's Attorney: KAREN WOLFRAM
HEARING HELD ON DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT. AD          NO RECORD MADE.

06/06/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION PARTIAL SUMMARY JUDG OTHER DECISION ON 06/05/2006
THOMAS E DELAHANTY II, JUSTICE
THE CLERK WILL MAKE THE FOLLOWING ENTRIES ONTO THE DOCKET OF THIS CASE AS THE DECISION AND
ORDER OF THE COURT: A. DEFENDANT'S MOTION TO STRIKE IS DISMISSED. B. DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON COUNT VI, INTENTIONAL IINFLICTION OF EMOTIONAL DISTRESS IS
GRANTED.  C. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED AS TO ALL OTHER COUNTS. SO
ORDERED. ON 06-06-06 COPIES MAILED TO ANNE JORDAN AND KAREN WOLFRAM, ESQS. MS DEBORAH
FIRESTONE, THE DONALD GARBRECHT LAW, LOISLAW.COM, GOSS MIMEOG

06/06/2006 Party(s): CU YORK INSURANCE CO F/K/A YORK INSURANCE CO,ONE BEACON INSURANCE COMPANY
MOTION - MOTION TO STRIKE OTHER DECISION ON 06/06/2006
THOMAS E DELAHANTY II, JUSTICE
OF DEFENDANT'S MOTION TO STRIKE IS DISMISSED. COPIES MAILED TO KAREN WOLFRAM AND ANNE
JORDAN, ESQS. AD

A TRUE COPY
ATTEST: _____
                    Clerk